# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No.: 8:16-CV-2779-T-30AAS

CHARLES M. ALLEN

    Defendant.

## DEFAULT FINAL JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 8). The Court, having reviewed the motion, Plaintiff's complaint, and the relevant law, concludes that the motion should be granted.

## DISCUSSION

Plaintiff, the United States, filed this lawsuit to collect two (2) unpaid debts Defendant allegedly owed, one each to Florida Federal Savings and Loan Association Saint Petersburg, FL, and Florida Federal Savings and Loan Jacksonville, FL. According to the complaint, both of these loans were guaranteed by the State of Florida, Department of Education, and insured by the Department of Education. According to the certificates of indebtedness attached to the complaint (Dkt. 1, p. 3 & 4), the state paid the debt as guarantor upon Defendant's default, after which the Department of Education reimbursed the state. Thereafter, the United States demanded repayment, but Defendant has not complied.

The complaint and summons were served on Defendant on or around October 11, 2016. Defendant had twenty-one (21) days to respond to the complaint, but Defendant never filed an answer or a response. Plaintiff moved for entry of a clerk's default, which was entered on November 14, 2016.

**Default Judgment**

Plaintiff now seeks default final judgment. Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. Such a judgment is appropriate "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact against that defendant will be deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Mere conclusions of law, however, will not. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A plaintiff must provide "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations omitted). A "sufficient basis" means satisfying the court that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co.*, 516 F.2d at 1206;

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit decided prior to the close of business on September 30, 1981.

*see also Surtain*, 789 F.3d at 1245 (concluding that, conceptually, a motion for default judgment should be treated like a reverse motion to dismiss for failure to state a claim).

When evaluating the complaint, a court must determine "whether [it] contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)). And this plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (internal citations omitted).

Here, the Court has jurisdiction because the United States is the plaintiff, *see* 28 U.S.C. § 1345, and the Court is satisfied that Plaintiff's well-pleaded allegations establish that Defendant defaulted on his federally insured loans. Specifically, the complaint makes the following relevant allegations:

(1) that Defendant executed several promissory notes in 1984, 1985, and 1986 to secure loans from the Florida Federal Savings and Loan Saint Petersburg; Loans on these promissory notes—of $2,500.00, $2,500.00, and $2,500.00— were disbursed in 1986 and 1987 at 8.00% interest per annum (Dkt. 8, Ex. B);

(2) that Defendant defaulted on this loan in 1989, after which the holder, Florida Federal Saving and loan Saint Petersburg, filed a claim on the loan guarantee (Dkt. 8, Ex. B);

(3) that Defendant executed a promissory note in 1988 to secure a loan of $2,000.00 from Florida Federal Savings and Loan Jacksonville; the $2,000.00

      loan on this note was disbursed for in 1988 at 8.00% interest per annum (Dkt. 8 Ex. C);

(4) that Defendant defaulted on this loan in 1989, after which the holder, Florida Federal Saving and Loan Jacksonville, filed a claim on the loan guarantee (Dkt. 8 Ex. C);

(5) that Plaintiff has demanded repayment and that Defendant has failed to make repayment;

(6) that the outstanding balance, with interest, is now $24,074.00.

Furthermore, these allegations were sworn to in a Certificates of Indebtedness issued by the United States Department of Education.

    Accepted as true, these allegations permit the Court to draw the reasonable inference that Defendant is in default on his loan and indebted to the United States in the amount specified in the complaint and in the Certificates of Indebtedness. *See Surtain*, 789 F.3d at 1245 (internal citations omitted). Default final judgment will be entered against Defendant.

**Damages**

    The sworn Certificates of Indebtedness issued by the Department of Education and provided by plaintiff details the amount Defendant owes. The first Certificate was dated August 24, 2016, and according to it, the principal balance on the loan is $8,283.52 and the interest as of that date was $11,083.74. The second Certificate was dated August 24, 2016, and according to it, the principal balance on the loan is $1,980.49 and the interest as of that date was $2,699.25, for a total debt of $24,047.00. Plaintiff also seeks $45.00 in costs for its process-server fee, and Plaintiff provides an invoice of that fee as evidence to support the

award of that cost.

This sum of damages, the Court finds, is capable of being ascertained by way of mathematical calculation. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted). Moreover, the sworn certificate supplies the "essential evidence" that the Court would have used in a hearing to determine damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005). For these reasons, a hearing on damages is not necessary. *See id.* (citing *Adolph Coors*, 77 F.2d at 1543).

It is ORDERED and ADJUDGED that:

1. Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 8) is GRANTED.

2. Judgment is entered in favor of Plaintiff United States of America, and against Defendant Charles M. Allen, for the following sums:

|   |   |   |
|---|---|---|
| a. | Principal (after application of all prior payments, credits, and offsets), | $ 8,283.52 |
| b. | Interest through August 24, 2016 plus interest at the rate of 8.00% from August 24, | $ 11,083.74 |
| c. | Principal (after application of all prior payments, credits, and offsets), | $ 1,980.49 |
| d. | Interest through August 24, 2016 plus interest at the rate of 8.00% from August 24, | $ 2,699.25 |
| e. | Costs | $     45.00 |
|   | TOTAL: | $ 24,092.00, |

For all of which sums let execution issue.

3. This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961 and shall be enforceable as provided by 28 U.S.C. § 2001 *et seq.*, 28 U.S.C. §§ 3001–3307, and Fed. R. Civ. P. 69(a).

4. The Clerk is directed to close this case and deny all pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of November, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record